## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TARON D. LANGHOVER<br>620 Goldspike Court<br>Newton, Kansas  67114<br><br>    and<br><br>PHILIP TREMPER<br>809 East Main Street<br>Embarrass, Wisconsin 54933<br><br>    Plaintiffs,<br><br>v.<br><br>THE HONORABLE RYAN ZINKE,<br>in his official capacity as the Secretary of the Interior,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>    Defendant. | Civil Action No. 18-CV-02648 |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Dated:  November 15, 2018

Shaun M. Gehan
D.C. Bar No. 483720
The Law Office of Shaun M. Gehan
1025 Thomas Jefferson Street, N.W.
Suite 420 East
Washington, D.C.  20007
Telephone:  (202) 412-2508

**Attorney for Plaintiffs**

## INTRODUCTION

1. In this civil action, Plaintiffs Taron D. Langhover and Philip Tremper challenge Defendant's unreasonable delay in responding to their Petitions for Remission of live, captive-bred wildlife in accordance with the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706(1). Plaintiffs have suffered a redressable wrong because of agency (in)action.

2. Without legal cause, Defendant, the Honorable Secretary of the Interior Ryan Zinke, through his designees at the U.S. Fish and Wildlife Service ("FWS"), seized twenty-eight live splash-backed poison-arrow dart frogs (*Adelphobates galactonotus*) imported by Plaintiff Langhover on Novemaber 28, 2017.

3. On June 27, 2017, Defendant, through his designees at FWS and again without cause, seized two Eastern Pilbara spiny-tailed skinks (*Egernia epsisolus*) imported by Plaintiff Tremper.

4. In accordance with Defendant's regulations found at 50 C.F.R. § 12.24, Plaintiffs filed Petitions for Remission for return of their improperly seized property. Langhover's Petition was filed on April 18, 2018, more than six months ago. Mr. Tremper's Petition was filed on October 5, 2017, thirteen months ago. Defendant has failed to rule on either Petition and continues to detain these animals.

5. Defendant's failure to act on these Petitions in the timeframes set forth above constitutes unreasonable delay within the meaning of the APA.

6. Plaintiffs are harmed by Defendant's actions complained of herein. This harm will be rectified by a favorable decision by this Court.

## PARTIES

7. Plaintiff Taron D. Langhover is a small businessman, operating Dart Frog Connection, which he relies on for his income. His business involves importing, breeding, and selling of exotic amphibians and reptiles, including importation of the twenty-eight captive-bred *Adelphobates galactonotus* unlawfully seized by Defendant. Plaintiff Langhover complies with all relevant laws, including FWS' import requirements. In the present instance, these include obtaining documentation required by Defendant's regulations implementing the Convention on International Trade in Endangered Species of Fauna and Flora ("CITES") from the Management Authority of the Netherlands. *See* 50 C.F.R. § 14.52.

8. Plaintiff Philip Tremper is the owner and operator of Tremper's Lizard Ranch, a small business that imports, breed, and sells reptiles endemic to the United States and elsewhere, upon which he relies for his income. Plaintiff Tremper abides by all relevant laws, including all documentation requirements, when importing reptiles from abroad. In the present case, the country of export, Germany, does not require any special documentation for *Egernia epsisolus* because it is not a species controlled by CITES and is not subject to any special permitting requirements.

9. Defendant, the Honorable Ryan Zinke, is the Secretary of the Department of the Interior. Defendant, by and through his designees at FWS, undertook the illegal and unauthorized actions which are challenged in this case. Secretary Zinke is sued solely in his official capacity.

## JURISDICTION AND VENUE

8. This arises under the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants the district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States" and the APA, 5 U.S.C. §§ 701-706, which provides that final agency action for which there is no other remedy in a court is subject to judicial review.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, as well as the APA, 5 U.S.C. § 706.

10. An actual, justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

11. The federal government has waived sovereign immunity in this action pursuant to 5 U.S.C. § 702.

12. Plaintiff has exhausted all administrative remedies and the agency action challenged is final and ripe for review.

11. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e). The Defendant Secretary of Commerce is an officer of the United States.

## STATUTORY AND REGULATORY BACKGROUND

**Administrative Procedure Act**

17. The APA grants a right of judicial review to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action." 5 U.S.C. § 702. "Agency action," as defined by the APA, includes the "failure to act." *Id.* § 551(13).

18. Under the APA, a court must "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1).

19. Defendant's failure to rule on Plaintiffs' Petition for Remission in a timely manner is agency action subject to judicial review.

**Defendant's Wildlife Importation and Petition Regulations**

17. In order to import wildlife, importers must execute and file with FWS a "Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177)." 50 C.F.R. § 14.61.

18. If the animal is being imported for commercial use, the importer must have a commercial import/export permit. *Id.* § 14.91(c)(7). No license is required to import wildlife as a pet or for personal use. *Id.* §§ (5),(6).

19. If the species being imported is subject to controls on trade implemented under CITES (*i.e.*, if it is a species listed under one of the three CITES Appendices), special import regulations apply. *See Id.* § 23.4 (explaining the Appendices). For a CITES Appendix II-listed animal such as the *Adelphobates galactonotus* that is bred-in-captivity, an importer must have CITES document with a source code "C" from the exporting nation's Management Authority. *Id.* § 23.20(d)(3); *see also id.* § 23.6 (role of Management Authorities). *Ergernia epsisolus* are not listed on any CITES Appendix.

20. Subject to certain exceptions, not relevant here, wildlife may only be imported through a designated port, including the ports of Miami and Atlanta. *Id*. §§ 14.11 & 14.12(b),(l).

21. In order to obtain clearance of imported wildlife, a person must make available: "(1) All shipping documents (including bills of lading, waybills and packing lists or invoices); (2) All permits, licenses or other documents required by the laws or regulations of the United States; (3) All permits or other documents required by the laws or regulations of any foreign country; (4) The wildlife being imported or exported; and (5) Any documents and permits required by the country of export or re-export for the wildlife." *Id.* § 14.52(c).

## FACTUAL ALLEGATIONS

22. Plaintiffs bring this action because the government has wrongly seized their live animals and have held them in captivity for nearly a year, in the case of Plaintiff Langhover's splash-back poison-arrow dart frogs, and more than sixteen months in the case of Plaintiff Tremper's Eastern Pilbara spiny-tailed skinks.

23. More to the present point, Plaintiffs have filed Petitions for Remission, which Defendant has failed to rule on despite having over half a year, in Plaintiff's Langhover's case, and more than a year in Plaintiff Tremper's case.

24. Plaintiffs have been without their property and have lost significant breeding opportunities and the income these animals would have generated without just cause.

**Facts Related to Plaintiff Langhover's Claims**

25. The twenty-eight *Adelphobates galactonotus* imported by Plaintiff Langhover arrived at the designated port of Miami on November 28, 2017. They were part of shipment from the Netherlands that included several other bred-in-captivity species listed on CITES Appendix II. No other animals in the shipment were seized.

26. Langhover had a properly executed Form 3-177 and an exemption certificate from the Dutch Management Authority. He also provided FWS with documentation from the German zoo from which the parental stock of the frogs had been lawfully obtained.

27. On January 23, 2018, Langhover received a Notice of Seizure and Proposed Forfeiture ("NSPF") from the FWS Office of Law Enforcement regional office in Atlanta, Georgia.

28. The NSPF identified several legal grounds for the proposed forfeiture. These included allegations of Lacey Act, 16 U.S.C. § 3372, violations and CITES. Among the claims was an allegation that the importation was in violation of Brazilian law.

29. On April 18, 2018, through counsel, Plaintiff Langhover submitted a Petition for Remission to the FWS Office of Law Enforcement in Atlanta, Georgia, addressing all allegations. Though more than six months have passed, Plaintiff has received no decision on the Petition.

30. Plaintiff understands that the frogs are being held being held at a zoo in Miami.

**Facts Related to Plaintiff Tremper's Claims**

31. The two captive-bred *Egernia epsisolus* imported by Plaintiff Tremper arrived from Germany at the designated port of Atlanta on June 27, 2017.

32. The two skinks were the sole animals in the shipment, obtained by the Plaintiff as part of an in-kind trade with a German breeder facilitated by a broker at a reptile show in Hamm, Germany. Tremper shipped the breeder three *Egernia hosmeri* in exchange for the two Eastern Pilbara spiny-tailed skinks.

33. Tremper had a properly executed Form 3-177. Germany requires no permits or other paperwork for the exports of these animals, which are not listed on any CITES Appendix nor are prohibited from trade by any domestic law.

34. On August 18, 2017, Tremper received an NSPF from the FWS Office of Law Enforcement regional office in Atlanta, Georgia.

35. The NSPF identified two alleged violations of the Lacey Act, 16 U.S.C. § 3372. These included a *de minimis* claim that FWS did not receive 48 hours' notice of the shipment and a claim that the import was in violation of Australian law.

36. On October 5, 2017, through counsel, Plaintiff Tremper submitted a Petition for Remission to the FWS Office of Law Enforcement in Atlanta, Georgia, addressing all allegations. Though more than one year has passed, Plaintiff has received no decision on the Petition.

37. Plaintiff understands that the skinks are being held at the Atlanta Zoo.

## CAUSE OF ACTION

38. This case involves instances of unreasonable delay in undertaking agency action, a matter which is particularly pressing given that the property in question involves live animals that require special care. There is no justification in Defendant's delay in ruling on Plaintiffs' Petition for Remission.

39. Plaintiffs are harmed and will continue to be harmed by the unlawful actions complained of herein unless rectified by this Court.

## COUNT ONE
## (APA)

40. Plaintiffs allege paragraphs 1 through 38 as if they were set forth in full herein.

41. The APA provides for judicial review to compel agency action if it is unreasonably delayed, 5 U.S.C. § 706(1), and grants judicial review to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action." *Id*. § 702. "Agency action" includes the "failure to act." *Id*. § 551(13).

42. When unreasonable delay occurs, courts may "compel agency action unlawfully withheld or unreasonably delayed," *id*. § 706(1), and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. 706(2)(A).

43. Defendant's violation is ongoing.

44. Due to the Defendant's failure to respond within a reasonable time, this Court should compel the agencies to act.  5 U.S.C. § 706(1).

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully seek an Order of this Court:

(a) A declaratory judgment that the Defendant's inaction in response to the Plaintiffs' Petitions constitutes "unreasonable delay" in violation of the Administrative Procedure Act;

(b) An order enjoining Defendants from further delay in responding substantively to the Plaintiffs' Petitions for Remission;

(c) Awarding Plaintiffs their costs and attorneys' fees as appropriate; and

(d) Granting any such other relief as is just and proper.


Dated:  November 15, 2018                    Respectfully submitted,

*Shaun M. Gehan*
Shaun M. Gehan
D.C. Bar No. 483720
The Law Office of Shaun M. Gehan
1025 Thomas Jefferson Street, N.W.
Suite 420 East
Washington, D.C.  20007
Telephone:  (202) 412-2508

*Attorney for Plaintiff*